IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EZEKIEL V. WILSON,                  :        Civil Action No. 4:14-cv-1409
                                    :
                                    :
            Plaintiff,              :        (Judge Brann)
                                    :
      v.                            :
                                    :
CONCERN PROFESSIONAL                :
SERVICES,                           :
                                    :
            Defendant.              :

**MEMORANDUM**
May 6, 2015

On July 22, 2014, Plaintiff Ezekiel V. Wilson initiated the above-captioned

civil action by filing a complaint with this Court, alleging violations of Title VII of

the 1964 Civil Rights Act and requesting that this Court award remedies which

could not have been awarded in his prior proceedings before the Pennsylvania

tribunals.  On August 26, 2014, Defendant filed a motion to dismiss Plaintiff's

complaint for failure to state a claim upon which relief can be granted pursuant to

Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's claim is barred by

res judicata, or claim preclusion.  Though Defendant did not file a reply brief, the

time for briefing has passed, and consequently this matter is ripe for disposition.

Based on the following reasoning, Defendant's motion to dismiss Plaintiff's

complaint is denied.

## I. BACKGROUND

Plaintiff Ezekiel Wilson, an African American, was employed by Defendant Concern Professional Services as a supplemental counselor from May 10, 2000 until his termination of employment on May 3, 2002.  Pl.'s Compl., July 22, 2014, ECF No. 1 ¶ 4, 10, 11 (hereinafter "Pl.'s Compl.").  On or about July 23, 2002, Plaintiff filed a complaint of racial discrimination with the Pennsylvania Human Relations Commission (hereinafter the "PHRC"), which complaint was cross-shared with the Equal Employment Opportunity Commission (hereinafter the "EEOC"). *Id.* at ¶ 7, 8. The EEOC issued to Plaintiff a written notice of right to sue on April 24, 2014.  *Id*. at ¶ 9.

After filing his complaint with the PHRC, Plaintiff's claim was litigated for approximately ten years, and the PHRC ultimately determined that Plaintiff had been terminated as a result of unlawful discrimination. *Id.* at ¶ 12.  Despite that determination and accompanying award, Plaintiff has now filed a Title VII claim in this Court, seeking remedies for his unlawful termination that were unavailable to or not granted to him in the previous litigation before the PHRC. *Id.* at ¶ 14.

## II. LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.  *Hishon v. King*

& *Spaulding*, 467 U.S. 69, 73 (1984); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). However, "the tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. *Kost*, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. *Maio v. Aetna, Inc*., 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the amended complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-664.

"In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading." *Hellmann v. Kercher*, No. 07-1373, 2008 WL 1969311 at * 3 (W.D. Pa.

May 5, 2008) (Lancaster, J.).  Federal Rule of Civil Procedure 8 "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" *Twombly*, 550 U.S. at 554 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief. *See Hellmann*, 2008 WL 1969311 at *3.  Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Twombly*, 550 U.S. at 561. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326.  If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

4

## III. DISCUSSION

In support of its motion to dismiss, Defendant argues only one issue – that res judicata, or claim preclusion, bars any litigation of Plaintiff's claim in this Court because he has previously litigated what was essentially the same claim before the PHRC and the Commonwealth Court of Pennsylvania.  Plaintiff responds that his successful litigation before the PHRC on his unlawful discrimination claim does not operate to preclude the subsequent initiation of a Title VII claim based on the same facts in federal court because the PHRC does not have subject matter jurisdiction to adjudicate a Title VII claim.

Claim preclusion is a doctrine which prevents a party from prevailing on issues that he might have, but did not, assert in a previous action. *See Riverside Memorial Mausoleum, Inc. v. UMET Trust*, 581 F.2d 62, 67 (3d Cir. 1978). Essentially, "[c]laim preclusion gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in the earlier proceeding." *Churchill v. Star Enterprises*, 183 F.3d 184, 194 (3d Cir. 1999); *see also Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n.1 (1984) ("Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit.").  A determination of the preclusive impact of a judgment of a state court or tribunal depends upon the law

of the adjudicating state.  *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) ("It has long been established that [the full faith and credit statute] does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments.  Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken." (citations omitted)).

In Pennsylvania, claim preclusion applies to bar a subsequent suit when four factors have been met: "The two actions must share an identity of the (1) thing sued on; (2) cause of action; (3) persons and parties to the action; and (4) quality or capacity of the parties suing or sued." *McNasby v. Crown Cork and Seal Co., Inc.*, 888 F.2d 270, 276 (3d Cir. 1989) (quoting *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988)).  "However, . . . Pennsylvania does not bar the litigation of omitted claims that otherwise meet these four criteria, if those claims could not have been adjudicated by the initial court because that court would not have had subject matter jurisdiction over them." *Id.* (citing *McCarter v. Mitcham*, 883 F.2d 196, 199 (3d Cir. 1989)); *See also Marrese*, 470 U.S. at 382 ("[C]laim preclusion generally does not apply where the plaintiff was unable to rely on a certain theory of the case

because of the limitations on the subject matter jurisdiction of the courts."

(citations omitted)).[1]

Because the PHRC has no subject matter jurisdiction to adjudicate a claim

under Title VII, Plaintiff is not now precluded from bringing this claim in federal

court.  In a case with an almost identical factual and procedural background,

*McNasby v. Crown Cork and Seal Co., Inc.*, the United States Court of Appeals for

the Third Circuit concluded that the plaintiffs "did not and could not have raised

their Title VII claims before the PHRC, as the PHRC was created solely to

administer the PHRA." 888 F.2d at 277.  Therefore, because the plaintiff in that

case had proceeded only in adjudicative bodies of limited original jurisdiction (the

PHRC and the Commonwealth Court), where she could not have asserted her Title

VII claim, the court concluded that Pennsylvania law did not preclude her

subsequent Title VII action in federal court.[2]

Similarly, in the case at bar Plaintiff first brought his unlawful termination

claim in front of the PHRC, and that decision was later affirmed by the

---

[1] Defendant bases his argument that Plaintiff's Title VII claim should now be precluded because of the previous
PHRC litigation on one other Third Circuit case, *Gregory v. Chehi*.  However, even that case agrees that "[w]hen a
plaintiff relies on both state and federal law, the Restatement advocates claim preclusion, provided that the first
court to adjudicate the matter has jurisdiction to entertain the omitted claim." 843 F.2d at 117.  Moreover, the Third
Circuit in *McNasby* explicitly distinguished *Gregory*, stating that "[a]lthough . . . *Gregory* . . . precluded civil rights
plaintiffs from raising federal claims in federal court, [that] case involved an appeal of an a municipal agency
determination to the Pennsylvania Court of Common Pleas, a court of general original jurisdiction. . . Thus we noted
in *Gregory* that the plaintiff could have brought his section 1983 action in that court." 888 F.2d at 278.
[2] Moreover, the court in *McNasby* specifically disclaimed any reliance on the fact that federal courts had exclusive
jurisdiction over Title VII claims, stating, "Fortunately, we need not enter this quagmire, because in this case, it is
clear that McNasby never pursued her state law claim in an adjudicative body that could have asserted original
jurisdiction over her Title VII claim." 888 F.2d at 277.

7

Commonwealth Court of Pennsylvania.  Because both of these courts are ones of limited original jurisdiction, Plaintiff has, as of yet, had no occasion to bring his Title VII claim.  Consequently, claim preclusion does not now act to bar Plaintiff's Title VII claim in federal court and Defendant's motion to dismiss Plaintiff's complaint is denied.

**IV. CONCLUSION**

Based on the foregoing analysis, Defendant's motion to dismiss Plaintiff's complaint is denied.

BY THE COURT:


/s Matthew W. Brann
Matthew W. Brann
United States District Judge