IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EZEKIEL V. WILSON, | : | Civil Action No. 4:14-cv-1409 |
| | : | |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| CONCERN PROFESSIONAL | : | |
| SERVICES, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**
October 20, 2015

Pending before this Court are two motions for summary judgment, one filed

by Plaintiff Ezekiel V. Wilson and the other filed by Defendant CONCERN

Professional Services.  Plaintiff's motion seeks to preclude re-litigation of the issue

of Defendant's liability for Plaintiff's termination based upon the doctrine of issue

preclusion.  Defendant's motion seeks to preclude requests for compensatory

damages based on the doctrine of claim preclusion and to dismiss all claims of

punitive damages.  Though only one motion has been fully briefed, the time for

briefing on the other has passed and consequently both motions are now ripe for

disposition.  In accordance with the following reasoning, Plaintiff's motion for

summary judgment is granted.  Defendant's motion for summary judgment is

granted in part and denied in part.  Plaintiff is precluded by his previous action

before the PHRC from seeking compensatory damages in the current federal action.

## I. BACKGROUND

CONCERN Professional Services (hereinafter "CONCERN") is a non-profit child welfare organization which provides, *inter alia*, foster care and adoption services. Pl.'s Statement of Facts ¶ 2, September 14, 2015, ECF No. 19-2 (hereinafter "Pl.'s SOF").  CONCERN employed Mr. Wilson, who is African-American, as a supplemental counselor from May 10, 2000 until his termination on May 3, 2002. Def.'s Statement of Facts ¶ 3, September 19, 2015, ECF No. 17-16 (hereinafter "Def.'s SOF"); Pl.'s SOF ¶ 1.

On July 23, 2002, following his termination, Mr. Wilson filed a complaint of racial discrimination with the Pennsylvania Human Relations Commission (hereinafter the "PHRC"), which was cross-shared with the Equal Employment Opportunity Commission (hereinafter the "EEOC"). Def.'s SOF ¶ 5; Pl.'s SOF ¶ 4. On July 22, 2007, the PHRC issued an Opinion and Final Order, which was appealed to the Commonwealth Court. Def.'s SOF ¶ 6-7; Pl.'s SOF ¶ 6-8.  The Commonwealth Court found reversible error and remanded for a new hearing. Def.'s SOF ¶ 7; Pl.'s SOF ¶ 8.

Upon remand, the PHRC held new hearings and issued a Final Order dated October 26, 2010. Def.'s SOF ¶ 9; Pl.'s SOF ¶ 9.  These proceedings ultimately

determined that CONCERN had terminated Mr. Wilson's employment as a result of unlawful discrimination. Def.'s SOF ¶ 10; Pl's SOF ¶ 7.  However, the PHRC did not award back pay. Def.'s SOF ¶ 10.  The Order was therefore appealed and the Commonwealth Court reversed in part, directing the PHRC to fashion a remedy. Def.'s SOF ¶ 13; Pl.'s SOF ¶ 10.  Thereafter, on April 26, 2012, the PHRC held additional hearings and, on June 25, 2012, it awarded Mr. Wilson back pay in the amount of $28,416.00 together with interest at a rate of 6% per annum from August 2005 until the date of the award. Def.'s SOF ¶ 14-15; Pl.'s SOF ¶ 11. CONCERN has paid Mr. Wilson the full back pay award. Pl.'s SOF ¶ 13.  Mr. Wilson subsequently initiated the instant litigation to obtain damages that were unavailable under the Pennsylvania Human Relations Act (hereinafter, the "PHRA").

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" where it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A dispute is "genuine" where "the evidence is such that a reasonable jury," giving credence to the evidence favoring the nonmovant and

making all inferences in the nonmovant's favor, "could return a verdict for the nonmoving party." *Id*.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. *See In re Bressman*, 327 F.3d 229, 237 (3d Cir. 2003) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)). The moving party may satisfy this burden by either (i) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (ii) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. *See id*. at 331.

Where the moving party's motion is properly supported, the nonmoving party, to avoid summary judgment in his opponent's favor, must answer by setting forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. For movants and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed must" be supported by "materials in the record" that go beyond mere allegations, or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1); *see also Anderson*, 477 U.S. at 248–50.

4

"When opposing summary judgment, the non-movant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'"  *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003).  Furthermore, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e)(2).

In deciding the merits of a party's motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  *See Anderson*, 477 U.S. at 249.  Credibility determinations are the province of the factfinder, not the district court.  *See BWM, Inc. v. BMW of N. Am., In*c., 974 F.2d 1358, 1363 (3d Cir. 1992).

## III. DISCUSSION

### A. Preclusive Effect of the PHRC's Liability Determination

Plaintiff argues that this Court must give preclusive effect to the PHRC's determination as to Defendant's liability for Plaintiff's termination.  Defendant does not respond to this argument.  This Court now determines that Defendant is precluded from contesting its liability for racial discrimination, although it is unclear that such was Defendant's intention at all.

Issue preclusion prevents a party from re-litigating an issue that was actually and necessarily determined by a court of competent jurisdiction. *See Montana v. United States*, 440 U.S. 147, 154 (1979).  In determining the impact of a prior state adjudication, federal courts must give preclusive effect to state court judgments whenever the court of the state from which the judgment emerged would do so. *See Allen v. McCurry*, 449 U.S. 90, 96 (1980).  Moreover, "when a state agency acting in a judicial capacity resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." *University of Tennessee v. Elliot*, 478 U.S. 788, 799 (1986) (quoting *Utah Construction & Mining Co.*, 384 U.S. 394, 422 (1966)); *see also Kelley v. TYK Refractories Co.*, 860 F.2d 1188, 1193 (3d Cir. 1988) ("Although § 1738 does not apply to state administrative agency proceedings, the Supreme Court has held that preclusive effect must be granted to even unreviewed state agency decisions in subsequent actions under any of the Reconstruction civil rights statutes.").

In Pennsylvania, issue preclusion applies when four elements are established: (1) the issue decided in the prior adjudication was identical to the one presented in the current action; (2) there was a final judgment on the merits in the first action; (3) the party against whom the plea is asserted was a party or in privity

6

with a party to the prior adjudication; and (4) the party against whom it is asserted

had a full and fair opportunity to litigate the issue in question in that prior action.

*See Safeguard Mut. Ins. Co. v. Williams*, 345 A.2d 664, 668 (Pa. 1975); *see also*

*Kelley*, 860 F.2d at 1194.

In this case, none of these elements are genuinely in dispute.  With regard to

the identity of issues, the parties agree that both actions involve the liability of

Defendant for the discharge of Plaintiff on the basis of his race.  Although the

PHRA and Title VII are not identical, state and federal courts interpret them as

applying the same standards of liability.  S*ee Goosby v. Johnson & Johnson*

*Medical, Inc.*, 228 F.3d 313, 317 n.3 (3d Cir. 2000).  Thus, there is clearly an

identity of issues in these two actions.

Next, there was a final judgment on the merits of Plaintiff's PHRA claim.

After two appeals of the PHRC's orders, the PHRC determined that Defendant had

discriminated against Plaintiff on the basis of his race, and it fashioned a remedy

for Plaintiff.  This determination and award was never appealed.  *See* Restatement

(Second) of Judgments § 13 cmt. g. (commenting that an inquiry into the finality of

a judgment focuses on "whether the conclusion in question is procedurally

definite.").  This constitutes a final judgment on the merits of the action.

Moreover, there can be no argument whatsoever that the parties are identical; that is, the only plaintiff in the PHRC action was Mr. Wilson, and the only defendant in that action was CONCERN.

Finally, Defendant clearly had a full and fair opportunity to litigate the issue of its liability.  To reiterate, there were several hearings before the PHRC and two appeals taken to the Commonwealth Court.  Defendant had a complete opportunity to investigate the issue and present its case, which it did.  Accordingly, issue preclusion applies and Defendant is prohibited from contesting its liability for the termination of Plaintiff.

## B. Compensatory Damages

Defendant argues that Plaintiff's request for compensatory damages is barred by the doctrine of claim preclusion because such damages were available in the state proceedings.  Plaintiff responds that based on certain amendments to the PHRA and subsequent case law on the topic, compensatory damages were actually not available during the state proceedings and therefore he should not be precluded from seeking them in this federal forum.

Claim preclusion is a doctrine which prevents a party from prevailing on issues that he might have, but did not, assert in a previous action. *See Riverside Memorial Mausoleum, Inc. v. UMET Trust*, 581 F.2d 62, 67 (3d Cir. 1978). Essentially, "[c]laim preclusion gives dispositive effect to a prior judgment if a

particular issue, although not litigated, could have been raised in the earlier proceeding." *Churchill v. Star Enterprises*, 183 F.3d 184, 194 (3d Cir. 1999); *see also Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n.1 (1984) ("Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit."). A determination of the preclusive impact of a judgment of a state court or tribunal depends upon the law of the adjudicating state. S*ee Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) ("It has long been established that [the full faith and credit statute] does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken." (citations omitted)).

The question then becomes whether Plaintiff could have asserted a right to compensatory damages in his previous action before the PHRC. Both parties make good arguments on this unresolved legal issue. This Court concludes, in accordance with the prevailing Pennsylvania statutory and case law, that compensatory damages were available under the PHRA and therefore Plaintiff cannot now seek them in the current federal action based upon the doctrine of claim preclusion.

The PHRA authorizes various remedies for unlawful discrimination. The specific language states that the PHRC may "take such affirmative action, including, but not limited to," certain enumerated acts. 43 P.S. § 959(f). These enumerated remedies do not include an explicit provision allowing for the award of compensatory damages. *Id.* In 1991, the PHRA was amended to add explicit language to the effect that compensatory damages are available in cases of housing discrimination; it made no such amendment to its provisions on other types of unlawful discrimination. *Id.*

However, subsequent to this amendment, the Pennsylvania Supreme Court issued a decision in which it held that punitive damages are not available under the PHRA. *See Hoy v. Angelone*, 720 A.2d 745, 751 (Pa. 1998). In so holding, the court relied upon the remedial nature of the Act, reasoning that "[p]unitive damages are not consistent with this goal of achieving the remedial purposes of the statute and are not a make-whole remedy." *Id.* at 749. The analysis that the court employed implicitly recognizes that any damages which are remedial in nature and contribute to create a "make-whole remedy" would in fact be available under the PHRA. Compensatory damages are remedial in nature, unlike punitive damages which are "purely penal in nature." *Id.* Such damages are therefore consistent with the remedial goal of the PHRA, as indicated by the Pennsylvania Supreme Court, and are accordingly available under that Act.

Plaintiff makes a sound argument that the Pennsylvania legislature clearly knew how to authorize an award of compensatory damages, as demonstrated by the 1991 amendment, and therefore consciously chose not to authorize such an award for other acts of unlawful discrimination.  However, this Court cannot contravene what it views to be very persuasive evidence of how the Pennsylvania Supreme Court would decide in the instant matter.[1]  Consequently, because compensatory damages were available to Plaintiff in the previous action, he is now precluded from requesting them in the current federal matter.

## C. Punitive Damages

Finally, Defendant argues that Plaintiff is not entitled to punitive damages because the extensive record of the state proceedings demonstrate no circumstances which would make an award of punitive damages appropriate in this case.  Plaintiff responds that summary judgment on his punitive damages claim is inappropriate at this stage in the litigation.

Title VII authorizes an award of punitive damages when the employer acts with "malice or with reckless indifference to the plaintiff's federally protected rights." *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 535 (1999) (quoting 42 U.S.C. § 1981a(b)(1)).   There is no need for a plaintiff to prove egregious misconduct in order to support such an award.  *See id.* at 538.  Moreover, reckless

---

[1] Moreover, the PHRC website appears to provide support for Plaintiff's argument.  However, this website is not law, but rather an interpretation of prevailing law, albeit from a persuasive source.  Therefore, the Court will not consider this argument in its analysis.

indifference "pertain[s] to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination." *Id.* at 535. This means that a plaintiff is entitled to recover punitive damages if he can demonstrate that his employer "discriminate[d] in the face of a perceived risk that its actions will violate federal law." *Id.* at 536.

Because the PHRA does not authorize an award of punitive damages, *Hoy*, 720 A.2d at 751, the parties have not had an opportunity to conduct discovery on this issue and the extensive record from the state proceedings does not focus on any information which would establish a basis for such an award. At this juncture, Plaintiff has already proven that Defendant intentionally discriminated against him because of his race; what is left to be determined is whether Defendant intended to violate his federal rights in doing so. Plaintiff should have an opportunity to conduct relevant discovery in order to support his request for punitive damages. Accordingly, the Court will deny Defendant's motion for summary judgment on this basis without prejudice, with leave to raise the issue again at a later stage in the litigation.

## IV. CONCLUSION

In accordance with the foregoing reasoning, Plaintiff's motion for summary judgment is granted. Defendant's motion for summary judgment is granted in part

and denied in part.  Plaintiff is precluded by his previous action before the PHRC

from seeking compensatory damages in the current federal action.


BY THE COURT:



/s Matthew W. Brann
Matthew W. Brann
United States District Judge