IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EZEKIEL V. WILSON, | : | Civil Action No. 4:14-cv-1409 |
| | : | |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| CONCERN PROFESSIONAL | : | |
| SERVICES, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**
December 10, 2015

Pending before this Court is a motion for reconsideration filed by Plaintiff

Ezekiel Wilson (hereinafter "Mr. Wilson") seeking reconsideration of this Court's

Order,[1] granting Mr. Wilson's motion for summary judgment[2] and granting, in

part, Defendant CONCERN Professional Services' (hereinafter "CONCERN")

motion for summary judgment.[3]  The motion has been briefed and is ripe for

disposition. In accordance with the following reasoning, Mr. Wilson's motion is

granted.

---

[1] ECF No. 26.
[2] ECF No. 19.
[3] ECF No. 17.

## I. BACKGROUND

CONCERN Professional Services (hereinafter "CONCERN") is a non-profit child welfare organization which provides, *inter alia*, foster care and adoption services.[4]  CONCERN employed Mr. Wilson, who is African-American, as a supplemental counselor from May 10, 2000 until his termination on May 3, 2002.[5]

On July 23, 2002, following his termination, Mr. Wilson filed a complaint of racial discrimination with the Pennsylvania Human Relations Commission (hereinafter the "Commission"), which was cross-shared with the Equal Employment Opportunity Commission.[6]  On July 22, 2007, the Commission issued an opinion and final order, which was appealed to the Commonwealth Court.[7]  The Commonwealth Court found reversible error and remanded for a new hearing.[8]

Upon remand, the Commission held new hearings and issued a second final order dated October 26, 2010.[9]  These proceedings ultimately determined that CONCERN had terminated Mr. Wilson's employment as a result of unlawful discrimination.[10]  The Commission did not, however, award back pay.[11]  This order

---

[4] Pl.'s Statement of Facts ¶ 2, September 14, 2015, ECF No. 19-2 (hereinafter "Pl.'s SOF").
[5] Def.'s Statement of Facts ¶ 3, September 19, 2015, ECF No. 17-16 (hereinafter "Def.'s SOF"); Pl.'s SOF ¶ 1.
[6] Def.'s SOF ¶ 5; Pl.'s SOF ¶ 4.
[7] Def.'s SOF ¶ 6-7; Pl.'s SOF ¶ 6-8.
[8] Def.'s SOF ¶ 7; Pl.'s SOF ¶ 8.
[9] Def.'s SOF ¶ 9; Pl.'s SOF ¶ 9.
[10] Def.'s SOF ¶ 10; Pl's SOF ¶ 7.
[11] Def.'s SOF ¶ 10.

was therefore appealed and the Commonwealth Court reversed in part, directing the Commission to fashion a remedy.[12]

On April 26, 2012, the Commission held additional hearings and on June 25, 2012 it awarded Mr. Wilson back pay in the amount of $28,416.00 together with interest at a rate of 6% per annum from August 2005 until the date of the award.[13] CONCERN paid Mr. Wilson the full back pay award.[14]  Mr. Wilson subsequently initiated the instant litigation to obtain damages that were unavailable under the Pennsylvania Human Relations Act (hereinafter, the "PHRA").

Both parties filed motions for summary judgment. CONCERN's motion for summary judgment sought to preclude Mr. Wilson's requests for compensatory damages based on the doctrine of claim preclusion and to dismiss all claims of punitive damages. Mr. Wilson's motion sought to preclude re-litigation of the issue of CONCERN's liability for Mr. Wilson's termination based upon the doctrine of issue preclusion.

This Court granted Mr. Wilson's motion and granted, in part, CONCERN's motion so that Mr. Wilson was precluded by his previous action before the Commission from seeking compensatory damages in the current federal action. Mr. Wilson subsequently filed the instant motion for reconsideration, requesting

---

[12] Def.'s SOF ¶ 13; Pl.'s SOF ¶ 10.
[13] Def.'s SOF ¶ 14-15; Pl.'s SOF ¶ 11.
[14] Pl.'s SOF ¶ 13.

that the Court reconsider its ruling that Mr. Wilson is precluded from seeking

compensatory damages.


## II. LEGAL STANDARD

"The purpose of a motion for reconsideration is to correct manifest errors of

law or fact or to present newly discovered evidence."[15]  A court should grant a

motion for reconsideration if the party seeking reconsideration shows: "(1) an

intervening change in the controlling law; (2) the availability of new evidence that

was not available when the court granted the motion for summary judgment; or (3)

the need to correct a clear error of law or fact or to prevent manifest injustice."[16]

In addition, a motion for reconsideration may be granted if "facts or legal

issues [were] properly presented but overlooked by the court in its decision."[17]

"Courts need not reconsider repetitive arguments that have already been fully

examined."[18] Therefore, a court may reconsider dispositive arguments properly

presented by parties but overlooked by the court.[19]

"The standard for granting a motion for reconsideration is a stringent one . . .

. [A] mere disagreement with the court does not translate into a clear error of

---

[15] *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).
[16] *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).
[17] *Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 399-400 (E.D. Pa. 2002)(*citing Marriot Senior Living Servs. v. Springfield Twp.*, 2000 WL 1781937 (E.D. Pa. November 20, 2000).
[18] *Lewicki v. Washington County*, 2010 WL 2720795 (W.D. Pa. July 8, 2010) (citing *Blue Mountain Mushroom Co., Inc.*, 246 F. Supp. 2d at 400).
[19] *Blue Mountain Mushroom Co., Inc.*, 246 F. Supp. 2d at 400.

4

law."[20]  "Because federal courts have a strong interest in the finality of judgments,

motions for reconsideration should be granted sparingly."[21]


## III. DISCUSSION

Mr. Wilson seeks reconsideration of the Court's finding that he is precluded

from seeking compensatory damages in this Court because compensatory damages

were available under the PHRA and would have been properly sought in his

previous action before the Commission. Mr. Wilson essentially argues that this

Court overlooked a dispositive argument properly brought by him in his motion for

summary judgment. He argues that the issue is not whether compensatory damages

are available under the PHRA but whether the Commission itself has the authority

to award compensatory damages under the PHRA in cases of employment

discrimination. He contends that it does not.  Mr. Wilson further provides the

Commission's 1990-1991 and 1991-1992 annual reports and requests that the

Court consider them in its analysis.

CONCERN, in its brief in opposition to Mr. Wilson's motion for

reconsideration, argues that Mr. Wilson's motion does not meet the standard for a

motion for reconsideration because he fails to present an intervening change in

---

[20] *Mpala v. Smith*, CIV. 3:CV-06-841, 2007 WL 136750, *2 (M.D. Pa. Jan. 16, 2007) (Kosik, J.) aff'd, 241 F. App'x 3 (3d Cir. 2007).
[21] *Cont'l Cas. Co. v. Diversified Indus., Inc*., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

controlling law, previously unavailable evidence, or any clear error of law or fact. CONCERN contends that the argument presented by Mr. Wilson in the motion for reconsideration was not properly presented to the Court prior to its October 2015 ruling on the motions for summary judgment and that the Court should not consider it at this juncture. Furthermore, CONCERN argues that this Court should also not consider the Commission's annual reports because while they were available, Mr. Wilson failed to present them to the Court, prior to the Court's ruling on the parties' motions for summary judgment.

This Court agrees that Mr. Wilson raised the instant issue in his motion for summary judgment and subsequently in his brief in opposition to CONCERN's motion for summary judgment. Mr. Wilson's argument, however, was strikingly unclear to this Court, and seemingly to defense counsel, prior to the motion for reconsideration. Consequently, I will reconsider my prior holding and attempt to reexamine the law on the matter.

The PHRA grants individuals the right to freedom from discrimination in employment, housing, and public accommodation regardless of race, color, religion, disability, age, sex, national origin, and familial status, among other things.[22] Section 956 of the PHRA establishes the Commission to act as the

---

[22] 43 P.S. § 951, *et al.*

departmental administrative branch for the administration of the act.[23] The

Commission was granted "all the powers and shall perform the duties generally

vested in and imposed upon departmental administrative boards and commissions .

. ."[24] The powers and duties of the Commission are enumerated in Section 957,

which charges the Commission with the power and duty to investigate complaints

of unlawful discriminatory practices.[25]

Section 959 outlines the procedure for an individual who files a complaint

under the PHRA.[26] Under these procedures, the individual first files a complaint

with the Commission. If there is probable cause, an investigation may result and a

hearing before the Commission may be held, depending on the outcome of the

investigation.[27] Section 962(c)(1), however, provides that, in cases of

discrimination, an individual's right of action in the courts of the Commonwealth

is not foreclosed if, within one year after the filing of the complaint with the

Commission, the Commission dismisses the complaint or fails to enter into a

conciliation agreement to which the complainant is a party.[28]

Section 962(c)(3) provides:

---

[23] 43 P.S. § 956.
[24] 43 P.S. § 956(c).
[25] 43 P.S. § 957(f).
[26] 43 P.S. § 959.
[27] *Id.*
[28] 43 P.S. § 962(c)(1).

If the court finds that the respondent has engaged in or is engaging in an unlawful discriminatory practice charged in the complaint, the court shall enjoin the respondent from engaging in such unlawful discriminatory practice and **order affirmative action** which may include, but is not limited to, reinstatement or hiring of employees, granting of back pay, **or any other legal or equitable relief** as the court deems appropriate.[29]

Under the process delineated above, there is no question that the courts of the Commonwealth have the authority to award compensatory damages.[30]

If a case does not enter a court by way of Section 962(c), however, and the case is adjudicated fully by the Commission, the question becomes whether the Commission is granted authority by the PHRA, and the legislature that enacted it, to award compensatory damages.

Section 959(f)(1) states:

If, upon all the evidence at the hearing, the Commission shall find that a respondent has engaged in or is engaging in any unlawful discriminatory practice as defined in this act, the Commission shall . . . order . . . respondent to cease and desist such unlawful discriminatory practice and **to take such affirmative action**, including, but not limited to . . . compensation for loss of work . . .back pay. . . and any other verifiable, reasonable out-of-pocket expenses caused by such unlawful discriminatory practice, provided that, **in those cases alleging a violation of section [955(d), (e), or (h)] or [955.3] where the underlying complaint is a violation of section [955(h)] or**

---

[29] 43 P.S. § 962(3)(emphasis added).
[30] *See Taylor v. Central Pennsylvania Drug and Alcohol Servc. Corp.*, 890 F. Supp. 360 (M.D. Pa. 1995) ("Compensatory damages are . . . available to plaintiffs under the [PHRA] . . .")(*citing Brown Transport Corp. v. Commonwealth of Pennsylvania*, 579 A.2d 555, 562 (Pa. 1999); *Consumers Motor Mart v. Pennsylvania*, 529 A.2d 571 (Pa. 1987)); but see *Hoy v. Angelone*, 720 A.2d 745, 748-9 (Pa. 1998)(holding that an award of punitive damages is not authorized by the PHRA but further discussing the "remedial" nature of the act, as discussed in this Court's prior Order).

**[955.3], the Commission may award actual damages, including damages caused by humiliation and embarrassment . . .**[31]

Sections 955(d), (e), (h) and 955.3 prohibit housing discrimination.[32]

Courts have further defined the authority of the Commission in awarding damages. In *PHRC v. Zamantakis*,[33] the Supreme Court of Pennsylvania was faced with the exact issue presented in the instant case: whether or not the Commission had the authority to award damages for mental anguish and humiliation. The *Zamantakis* court held that absent legislation granting the Commission the express authority to award certain damages, it would not "broaden the scope of the Commission's authority . . ."[34]

In making its holding, the *Zamantakis* court explicated that in amending the PHRA in 1974, the legislature "eliminated the Commission as the exclusive remedy for discrimination when the provisions of the Human Relations Act are invoked, and provided, under certain conditions, access to the [courts]."[35] The amendment "gave to the courts authority to order in addition to the same 'affirmative action' as the Commission, 'any other legal or equitable relief as the court deems appropriate.' 'Legal or equitable relief' includes damages for

---

[31] 43 P.S. § 959(f)(1) (emphasis added).
[32] *See* 43 P.S. §§955(d), (e), (h), 955.3.
[33] 387 A.2d 70, 72 (Pa. 1978).
[34] *Id. (citing lower court Zamantakis v. PHRC*, 308 A.2d 612, 616 (Pa. Super. Ct. 1973)).
[35] *Id.* at 459.

9

humiliation and mental anguish."[36] This language is still the language referenced in the current version of the PHRA, as cited above.

Mr. Wilson, in his brief in opposition to CONCERN's motion for summary judgment stated that the *Zamantakis* decision "is of limited precedential value." *Zamantakis*, however, is still the clear authority on the matter.[37] The legislature was surely aware of the *Zamantakis* decision when it amended the PHRA in 1991 to expressly grant the Commission authority to award compensatory damages in cases of housing discrimination. It made no amendment to its provisions on other types of unlawful discrimination.

CONCERN, in its reply brief in support of its motion for summary judgment,[38] cites to *Brown Transp. Corp. v. PHRC*,[39] for the contention that compensatory damages are awardable by the Commission in cases of employment discrimination. There, however, the Commission only awarded back pay in the sum of $22,980.30 "represent[ing] back pay . . . and other employment related costs."[40] On the issue of compensatory damages, the court held, in line with the

---

[36] *Id.*
[37] *See Rush v. Scott Specialty Gases, Inc.* 113 F.3d 476, 486 (3d Cir. 1997)(abrogated on other grounds)(*citing Zamantakis*, 387 A.2d at 71-73: "[The Commission] is not authorized to 'award damages for mental anguish and humiliation which may rise as a result of unlawful discrimination'"); *see also Shad v. Delta Air Lines, Inc.*, 2015 WL 1808696, *14 (E.D. Pa. April 20, 2015)(*citing Zamantakis*, 387 A.2d at 73 in holding that the plaintiff's emotional distress claims were not preempted by the PHRA because the Commission could not award damages for those claims).
[38] ECF No. 24.
[39] 578 A.2d 555 (Pa. 1990)
[40] *Id.* at 548-9.

holding in the instant case, that the plaintiff was not precluded from recovering compensatory damages under the PHRA.[41]

Therefore, in accordance with the prevailing Pennsylvania statutory and case law, Mr. Wilson may be awarded compensatory damages under the PHRA. Because the Commission did not have authority to award compensatory damages in Mr. Wilson's employment discrimination case, he must be afforded the opportunity to now seek relief that was unavailable to him in the proceeding before the Commission. Additionally, because the statutory and case law is clear and abundant, this Court need not rely on discussion of legislative history or on the Commission's twenty-three-year-old annual reports.

## IV. CONCLUSION

In accordance with the foregoing reasoning, Mr. Wilson's motion for reconsideration is granted. Accordingly, this Court's Order dated October 20, 2015 is vacated. Mr. Wilson's motion for summary judgment[42] is granted, in accordance with this Court's reasoning set forth in the Memorandum dated October 20, 2015,[43] CONCERN's motion for summary judgment is denied in accordance with the

---

[41] *Id.* at 558-9.
[42] ECF No. 19.
[43] ECF No. 25.

Court's reasoning in the Memorandum dated October 20, 2015 on the issue of punitive damages and with today's reasoning in the present Memorandum on the issue of compensatory damages.

 An appropriate Order follows.


     BY THE COURT:


     /s Matthew W. Brann
     Matthew W. Brann
     United States District Judge